UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

THOMAS LEWIS, # 133200,                )
                                       )
            Plaintiff,                 )
                                       )   Case No. 1:18-cv-1093
v.                                     )
                                       )   Honorable Paul L. Maloney
JONATHAN DECKER, D.O., et al.,         )
                                       )
            Defendants.                )
_____)

## REPORT AND RECOMMENDATION

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement between January 29, and February 7, 2018, at the Muskegon Correctional Facility. The defendants are Jonathan Decker, D.O., Physician's Assistant Barbara Hoover, Health Unit Manager Michael Wilkinson, Registered Nurse Megen Tanner, Warden Sherry Burt, Lieutenant (unknown) More, and four John Doe defendants. Plaintiff alleges that defendants permitted deplorable cell conditions and were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

The matter is before the Court on a motion for summary judgment by defendants Burt, Wilkinson, and Tanner based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a) (ECF No. 34), plaintiff's motion for summary judgment (ECF No. 68); and a motion for summary judgment by defendants Hoover and Decker, based on the affirmative

defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a) (ECF No. 71).[1] The first two motions are opposed. (ECF No. 43, 72). Plaintiff did not file a response to the motion for summary judgment by P.A. Hoover and Dr. Decker, based on the affirmative defense of failure to exhaust administrative remedies. Plaintiff did file a reply brief in support of his motion for summary judgment. (ECF No. 77).

For the reasons set forth herein, I recommend that the Court dismiss all plaintiff's claims against Lieutenant More and the John Doe defendants without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure for failure to achieve service. I recommend that the Court deny plaintiff's motion for summary judgment. I recommend that the Court grant defendants' motions for summary judgment as to the lack of exhaustion issue and enter a judgment dismissing plaintiff's claims against defendants Decker, Hoover, Burt, Wilkinson, and Tanner without prejudice.

## **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is

---

[1] In a Memorandum Opinion and Order, I granted plaintiff's Rule 56(d) motion in part and deferred consideration of the portion of the motion for summary judgment on the merits by defendants Decker and Hoover because, under the case management order, discovery was limited to the issue of exhaustion of administrative remedies. (*See* ECF No. 86).

appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham Cty. Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Huff v. TeleCheck Servs., Inc.*, 923 F.3d 458, 462 (6th Cir. 2019). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see AES-Apex Employer Servs., Inc. v. Rotondo*, 924 F.3d 857, 866 (6th Cir. 2019) ("[C]asting

only [a] 'metaphysical doubt' is insufficient to survive summary judgment.") (quoting *Matsushita*, 475 U.S. at 586). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252)); *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "[W]here the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). In other words, the movant with the burden of proof "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address

only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[2] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

---

[2]Copies of the policy directive is found in the record. (*See* ECF No. 35-2, PageID.172-78; ECF No. 71-3, PageID.560-66).

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

**Preliminary Matters**

Plaintiff's complaint and purported declaration are not properly verified under penalty of perjury. (ECF No. 1, PageID.28; ECF No. 44, PageID.375). Plaintiff's statements that he "swears to the truth of the contents" or "swears to the truth of facts" (*Id.*) do not suffice. *See* 28 U.S.C. § 1746. These documents are not considered as affidavits or declarations in opposition to defendants' motions for summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

Plaintiff's briefs are not considered as affidavits. Although plaintiff "swears all is true herein" at the end his brief in support of his motion for summary judgment (Plf. Brief, 6, ECF No. 68, PageID.522), he does not state that he is doing so under penalty of perjury. *See Dunbar v. Prelesnik*, No. 1:13-cv-1100, 2014 WL 4542467, at

*4 (W.D. Mich. Sept. 11, 2014) ("[A] purported affidavit, on which perjury could not be assigned if it was willfully false, would not, in law, be an affidavit at all.") (citation and quotation omitted); *see also Colston v. Boston Market Corp.*, No. 2:17-cv-11649, 2018 WL 1404417, at*6 (E.D. Mich. Feb. 14, 2018) (A purported affidavit indicating that it was "sworn under the penalty" was deficient and was not considered because it left open the question "under penalty of *what*?"). Plaintiff's briefs do not satisfy the statutory requirements to be considered as unsworn declarations under 28 U.S.C. § 1746. They do not contain unambiguous statements "under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2).

Further, "verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Medison Am. Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x. 656, 662 (6th Cir. 2009). "Arguments in parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

### Relevant Facts

Plaintiff was an inmate held in the custody of the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) during the period at issue.

Plaintiff filed a number of grievances, and he pursued some of them through a Step III decision before he filed this lawsuit. (ECF No. 41-1, PageID.287-324; ECF No. 71-2, PageID.550-59). Three grievances are related to plaintiff's claims; accordingly, they warrant further discussion.

On July 13, 2018, MCF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. MCF-18-07-0706-28E. In this grievance, plaintiff complained that he had been tortured by John Doe officers from January 24, 2018, through February 7, 2018, and that Shift Commanders Hall and Addis, Assistant Deputy Warden Brazee and Lieutenant Gwyn participated in, or consented to the torture. (ECF No. 41-1, PageID.313). This grievance was rejected at Step I of the MDOC's grievance process and the rejection was upheld on that basis at Step II and Step III. (*Id.* at PageID.310-14).

On July 25, 2018, MCF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. MCF-18-07-0740-28E. This was a grievance against Dr. Decker complaining that, between April 17, 2017, and February 7, 2018, he failed to treat plaintiff's back pain. (ECF No. 72-1, PageID.558). Plaintiff's grievance was rejected as untimely at Step I of the MDOC's grievance process and the rejection was upheld on that basis at Steps II and III. (*Id.* at PageID.555-59).

On July 25, 2018, MCF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. MCF-18-07-0741-28E. This was a grievance against P.A. Hoover complaining that between April 4, 2017, and February 7, 2018, she failed to treat plaintiff's back pain. (ECF No. 71-2, PageID.553). Plaintiff's grievance was rejected as untimely at Step I of the MDOC's grievance process and the rejection was upheld on that basis at Steps II and III. (*Id.* at PageID.550-54).

## Discussion

**I.   Motions for Summary Judgment**

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them, as required by 42 U.S.C. § 1997e(a).

Plaintiff seeks to avoid summary judgment in favor of defendants, and to obtain summary judgment in his favor on the issue of exhaustion, by arguing that his claims against defendants were exhausted through Grievance No. MCF-18-03-267-28C.  (Plf. Brief, 5-7, ECF No. 43, PageID.330-32; Plf. Brief 1-6, ECF No. 68, PageID.517-22; Reply Brief, 1-7, ECF No. 77, PageID.900-06).  Grievance No. MCF-18-03-267-28C was rejected at Step I because it raised multiple issues (ECF No. 43-1, PageID.349) and the warden upheld the rejection at Step II (*Id.* at PageID.354).[3] Plaintiff did not exhaust his available administrative remedies through this grievance because he did not pursue it through a Step III decision.  Plaintiff abandoned the grievance process before its completion.  *See Hartsfield*, 199 F.3d at 309.

Plaintiff's other grievances (Nos. MCF-18-07-0706-28E, MCF-18-07-0740-28E, MCF-18-07-0741-28E) did not properly exhaust his claims against defendants. Exhaustion analysis is patterned after habeas corpus procedural default analysis.

---

[3] Plaintiff's argument that "claim/issue" preclusion applies (Plf. Brief, 3-6, ECF No. 68, PageID.519-22) is meritless.  Claim preclusion does not apply because defendants are not asserting any claim against plaintiff.  Issue preclusion does not apply because the existence of a Step II response does not preclude the defendants from asserting that plaintiff failed to pursue his grievance through a Step III decision.

The pivotal question is whether the Step III decision, the last decision, was based on the enforcement of a procedural bar. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010); *see also Reynolds-Bey v. Harris*, 428 F. App'x. 493, 502 (6th Cir. 2011) (The Step III decision is "the equivalent of the last state court [decision] in [a] habeas [case.]"). Here, plaintiff's grievances were rejected at Step III because they were untimely. The Court honors procedural rules that prison officials enforce. *See Reed-Bey v. Pramstaller*, 603 F.3d at 326; *see also Doss v. Mackie*, No. 2:16-cv-135, 2017 WL 6047754, at *4 (W.D. Mich. Nov. 7, 2016) ("[W]here a Step III response rejects a grievance for failing to follow MDOC grievance procedure, the grievance cannot be considered properly exhausted under the policy.").

Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Defendants have carried their burden on the affirmative defense and are entitled to dismissal of plaintiff's claims.

## II.  Lack of Service of Process

All plaintiff's claims against Lieutenant More and the John Doe defendants should be dismissed for failure to achieve service of process. This lawsuit has been pending for almost a year and these defendants have never been served with process or otherwise appeared. Accordingly, I recommend that all plaintiff's claims against Lieutenant More and the John Doe defendants be dismissed without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure. This report and recommendation serves as plaintiff's notice of impending dismissal. *See Bridgeport Music, Inc. v.*

*Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *accord Reynosa v. Schultz*, 282 F. App'x. 386, 393-94 (6th Cir. 2008).

### Recommended Disposition

For the reasons set forth herein, I recommend that the Court dismiss all plaintiff's claims against Lieutenant More and the John Doe defendants without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure for failure to achieve service. This report and recommendation serves as plaintiff's notice of impending dismissal.

I recommend that the Court deny plaintiff's motion for summary judgment (ECF No. 68)  I recommend that the Court grant defendants' motions for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a) (ECF No. 34, 71), and enter a judgment dismissing plaintiff's claims against defendants Decker, Hoover, Burt, Wilkinson, and Tanner without prejudice.

Dated: August 7, 2019                            /s/  Phillip J. Green                  
                                                 PHILLIP J. GREEN
                                                 United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).   Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F. 3d 520 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).