UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LEWIS, #133200,  )
    Plaintiff,  )
       ) No. 1:18-cv-1093
-v-  )
       ) Honorable Paul L. Maloney
JONATHAN DECKER, D.O., *et al*,  )
    Defendants.  )
       )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Thomas Lewis, a prisoner under the control of the Michigan Department of Corrections, filed a civil rights lawsuit in which he complains about his treatment. Two groups of defendants filed motions for summary judgment raising administrative exhaustion. Lewis filed his own motion for summary judgment. The Magistrate Judge issued a report recommending defendants' motions be granted, Lewis' motion be denied, and the unserved defendants be dismissed. (ECF No. 87.) Lewis filed objections. (ECF No. 93.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1. Unserved Defendants. The Magistrate Judge recommends dismissing Defendant John Does and More because, more than one year after the complaint was filed, the two defendants have not been served. Lewis objects on the basis that the case management order did not permit discovery regarding the identity of the unknown defendants.

Lewis' objection is overruled. Rule 4 of the Federal Rules of Civil Procedure obligates the plaintiff to serve the summons and complaint within the time allowed. Here, Lewis was obligated to provide the names of individuals to the US Marshal for service of the summons and complaint. Lewis did not do so. The record demonstrates no attempts by Lewis to identify or serve the Doe defendants. The case management order limited the scope of discovery only as to those defendants who filed a motion for summary judgment on the basis of administrative exhaustion. (ECF No. 16.) The order did not prevent Lewis from attempting to learn the names of the unknown people involved. In response to the service of process on Defendant More (or Moore), the MDOC indicated that no such person works or worked at the relevant facility. (ECF No. 14-1 PageID.107.)

2. Plaintiff's Motion for Summary Judgment (ECF No. 68.) Lewis argued he was entitled to summary judgment because of claim or issue preclusion. The magistrate judge explained why neither claim nor issue preclusion applied. (R&R at 10 n.3 PageID.1055.) Having reviewed the objections, the Court does not find a specific objection to the Magistrate Judge's findings and recommendation concerning Lewis' motion for summary judgment. In the event the Court overlooked an objection, the Court agrees with the Magistrate Judge's summary of the motion, the description of the relevant law, and the recommendation.

3.  Defendants' Motions for Summary Judgment.  The Magistrate Judge identified the grievances that were exhausted through Step III.  All of the exhausted grievances were rejected, through Step III, as untimely.  Lewis objects, asserting that the manner in which the defendants responded to the grievances made the process functionally unavailable.  Lewis' objection is overruled.  The Magistrate Judge accurately summarized the facts in the record and correctly applied the law to those facts.  To be clear, the incidents alleged in the grievances that were properly exhausted occurred long before Lewis filed the grievances, which is why each was denied as untimely.  None of Lewis' arguments address this conclusion.

4. Preliminary Matters.  The Magistrate Judge found that Lewis' complaint and other declarations were not properly verified and, therefore, the asserted facts could not be considered in opposition to the defendants' motions.  Lewis objects.  Lewis contends the phrase "under oath" is the functional equivalent of "under penalty of perjury."  Lewis also asserts that he submitted a document curing this problem by swearing under penalty of perjury.

Lewis' objection is overruled.  First, the supplemental document suffers the same deficiency—he does not use the "under penalty of perjury" language required by § 1746. (*See* ECF No. 66 PageID.514.)  The declaration submitted with his objections uses the correct language. (*See* ECF No. 94 PageID.1130.)  Second, assuming that Lewis is correct and that the Court should consider the factual statements in the complaint and response to the motions to be true, Lewis has not established that the outcome of the motions would be

different.  The exhaustion documents referenced in the motions and the in the R&R speak for themselves.

Accordingly, the Report and Recommendation (ECF No. 87) is **ADOPTED.** Plaintiff Lewis' motion for summary judgment (ECF No. 68) is **DENIED.**  The motion for summary judgment filed by Defendants Burt, Wilkerson and Tanner (ECF No. 34) is **GRANTED.**  The motion for summary judgment filed by Defendants Hoover and Decker (ECF No. 71) is **GRANTED.**  And, Defendants Does and More are **DISMISSED.**  All of the claims and defendants are dismissed without prejudice.  **IT IS SO ORDERED.**

Date:  September 16, 2019   /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge